BEFORE THE DISCIPLINARY BOARD OF THE

SUPREME COURT OF THE STATE OF NORTH DAKOTA

| | |
|---|---|
| In the Matter of the Application for Disciplinary Action Against Vance Gillette, a Member of the Bar of the State of North Dakota<br><br>Disciplinary Board of the Supreme Court of the State of North Dakota,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>Vance Gillette<br><br>　　　　　　　　　　Respondent. | **SUMMONS**<br><br>**File No. 4695-W-0712** |

YOU ARE HEREBY SUMMONED to answer the Petition for Discipline filed with the Disciplinary Board of the Supreme Court in this matter, within twenty (20) days of the service of this Summons upon you, by serving a copy of your Answer upon Disciplinary Counsel.

A copy of the Petition for Discipline of the Disciplinary Board of the Supreme Court of the State of North Dakota is herewith served upon you.

Your original Answer shall be filed with the Hearing Panel Chair, Michael M. Thomas, P. O. Box 2686, Fargo, ND 58108-2686, within twenty days of the service of this Summons, unless the time is extended in writing by the Hearing Panel Chair.

Upon your failure to answer the Petition for Discipline, the Hearing Panel will take such action as in its judgment may be warranted.

Dated this 31st day of July, 2008.

_____
Brent J. Edison (ID 04181)
Assistant Disciplinary Counsel
Disciplinary Board of the Supreme Court
P. O. Box 2297
Bismarck, ND 58502-2297
(701) 328-3925

BEFORE THE DISCIPLINARY BOARD OF THE

SUPREME COURT OF THE STATE OF NORTH DAKOTA

In the Matter of the Application for Disciplinary )
Action Against Vance Gillette, a Member )
of the Bar of the State of North Dakota )
                                                                        )         **PETITION FOR DISCIPLINE**
Disciplinary Board of the Supreme Court of the )
State of North Dakota, )                                      **File No. 4695-W-0712**
                                                                        )
                                    Petitioner, )
                                                                        )
v.                                                                    )
                                                                        )
Vance Gillette                                                )
                                                                        )
                                    Respondent. )

1.  Vance Gillette (Gillette) was admitted to practice as an attorney and counselor at law in the courts of North Dakota on October 5, 1978, and his name has appeared since that date on the roll of attorneys admitted to the Bar of North Dakota as maintained by the Supreme Court of North Dakota.

2.  In December of 2006, Gillette entered into written contingent fee agreements with Richard Hall, Jamie Hall, Delphine Baker, Ardell Jean Baker and Patti Jo Thomas (the Clients). Under the terms of the contingent fee agreements, Gillette was to represent the Clients in a wrongful discharge lawsuit against the Three Affiliated Tribes and its officers and representatives. The agreements provided that, if successful, Gillette was to receive 10% of all amounts awarded to the Clients by judgment or negotiation.

3.  Gillette's contingent fee agreements contained the following provision:

> "The attorney may pay any bills, including attorney fees associated with the case, whether incurred by the client or attorney directly from the proceeds received or monies deposited. The attorney is authorized to sign the clients name to any check, draft or release."

4. By letter dated July 6, 2007, Gillette attempted to unilaterally amend the contingent fee agreements with the Clients, changing the 10% contingent fee to a 30% contingent fee. Gillette's attempted amendment of the fee agreement was neither agreed to nor signed by the Clients.

5. Gillette unilaterally altered the written contingent fee agreement with Ardell Jean Baker, changing the hand-written notation "10%" to "30%." Baker did not, at any time, authorize or agree to Gillette's alteration of the agreement.

6. In October of 2007, the Three Affiliated Tribes agreed to settle the Clients' claims for the sum of $35,000 for each Client, payable in two installments.

7. After checks were disbursed for the second installment of the settlement, Gillette sued the Clients in Tribal Court, Three Affiliated Tribes, Fort Berthold Reservation, seeking to enjoin the Clients from cashing the settlement checks and also seeking to enforce a 30% contingency fee.

8. To the extent Gillette sought a 30% contingent fee, as opposed to the 10% fee agreed upon by the Clients, his lawsuit against the Clients was frivolous, in that it had no basis in law or in fact and was not supported by a good faith argument for an extension, modification or reversal of existing law. Gillette's complaint also contained the knowingly false allegation that "A. Jean Baker signed a 30% agreement and it should be enforced."

9. The above conduct of Vance Gillette violates the following Rules of the North Dakota Rules of Professional Conduct:

    A. Rule 1.2(a), N.D.R. Prof. Conduct, SCOPE OF REPRESENTATION, which provides in pertinent part that a lawyer shall abide by a client's decision whether to settle a matter; and Rule 1.4(a)(1), N.D.R. Prof. Conduct, COMMUNICATION, which provides that a lawyer shall promptly inform the client of any decision or circumstance with respect to which the

2

client's consent is required; in that Gillette's contingent fee agreements purported to give him the unfettered authority to sign checks, sign releases and pay his own fees without client consent.

  B.   Rule 1.5(a), N.D.R. Prof. Conduct, FEES, which provides that a lawyer shall not make an agreement for, charge, or collect an unreasonable fee, in that:

     (1)   Gillette's contingent fee agreements purported to give him the unfettered authority to sign checks, sign releases and pay his own fees without client consent; and

     (2)   Gillette attempted to collect a 30% contingent fee when his contingent fee agreements provided for a 10% fee.

  C.   Rule 1.5(b), N.D.R. Prof. Conduct, FEES, which provides that a contingent fee shall be in writing signed by the client.

  D.   Rule 1.7(b), N.D.R. Prof. Conduct, CONFLICT OF INTEREST, which provides that a lawyer shall not represent a client when the lawyer's own interests are likely to adversely affect the representation, in that:

     (1)   Gillette's personal interests in attempting to collect a never-agreed-upon 30% contingent fee adversely affected his representation of the Clients, causing them injury or potential injury; and

     (2)   Gillette's contingent fee agreements, which purported to give him the unfettered authority to sign checks, sign releases and pay his own fees without client consent, favored Gillette's personal interests over the interests of the Clients.

  E.   Rule 3.1, N.D.R. Prof. Conduct, MERITORIOUS CLAIMS AND CONTENTIONS, which provides that a lawyer shall not bring a proceeding or assert an issue unless there is a basis in law or in fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.

3

F.  Rule 3.3, N.D.R. Prof. Conduct, CANDOR TOWARD THE TRIBUNAL, which provides that a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; and Rule 4.1, N.D.R. Prof. Conduct, TRUTHFULNESS IN STATEMENTS TO OTHERS, which provides that in the course of representing a client a lawyer shall not make a statement of fact or law that the lawyer knows to be false; in that Gillette knowingly and falsely alleged in his complaint against the Clients that "A. Jean Baker signed a 30% contingent fee agreement ... ."

G.  Rule 8.4(c), N.D.R. Prof. Conduct, MISCONDUCT; and Rule 1.2A(3), N.D.R. Lawyer Discipl., GROUNDS FOR DISCIPLINE, which prohibit a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

THEREFORE, it is requested that Vance Gillette be disciplined.

Dated this 28th day of July, 2008.

_____
Brent J. Edison (ID 04181)
Assistant Disciplinary Counsel
Disciplinary Board of the Supreme Court
P. O. Box 2297
Bismarck, ND 58502
(701) 328-3925